IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : NO. 1:15-bk-02648-MDF |
| KLINGLER BROTHERS DAIRY FARM, | : CHAPTER 12 |
| KLINGLER BROTHERS DAIRY FARM, Movant | : |
| v. | : |
| MIFFLINBURG BANK & TRUST CO., FARM SERVICE AGENCY OF THE US DEPARTMENT OF AGRICULTURE, RAIN AND HAIL, LLC, CHEMGRO SEEDS, SNYDER COUNTY TAX CLAIM BOROUGH Respondents | : |

**DEBTOR'S MOTION TO APPROVE SALE OF
REAL PROPERTY FREE AND CLEAR OF ALL LIENS,
CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS
(2274 Fair Oak Road, Selinsgrove, Pennsylvania 17870)**

Klingler Brothers Dairy Farm ("Debtor"), by and through its bankruptcy counsel, Reilly Wolfson, LLP, and pursuant to Sections 105, 363 (b), (c), (f), (k), and (m) of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., (the "Bankruptcy Code" or Code") and Rules 2002, 6004, 6006, 9013, and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), hereby moves this court for entry of an Order authorizing the herein-described sale free and clear of all liens, claims, encumbrances, and other interests asserted against the Real Property to be sold.

# NOTICE TO PERSONS RECEIVEING THIS MOTION: YOUR RIGHTS MAY BE AFFECTED.

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

## BACKGROUND

2. The Debtor is a Pennsylvania partnership in the business of farming.

3. On June 23, 2015, Debtor filed a voluntary Petition under Chapter 12 of the United States Bankruptcy Code.

4. The Debtor owns two parcels of real estate in Snyder County, Pennsylvania. Included is a parcel of real property which is known as 2274 Fair Oak Road, Selinsgrove, Pennsylvania 17870 (the "Real Property").

## THE PROPOSED SALE

5. As set forth above, the Debtor is in the business of Farming.

6. The Debtor has entered into an agreement of sale (the "Agreement") with Robert A. Grayston for the sale of the Real Property. A true and correct copy is attached hereto as Exhibit "A" and made apart hereof.

7. The agreement sets forth, that the total consideration paid by the Buyer for the Real Property is $450,000.00, subject to various costs of sale and other charges as set forth hereinafter.

8. As set forth above, the Debtor is in the business of Farming. The property consists of Real Property which is used in agriculture. The Debtor has been marketing the property for a

period of time. The Agreement memorializing this sale occurred through advertising and marketing efforts and through the assistance of a real estate agent.

9. It is believed that the consideration payable under the agreement is fair and is comparable to other lots in this area.

10. The sale is contingent upon financing in the amount of $360,000.00. It is believed that the financing can be obtained by the buyer.

## LIENS

11. The real property is subject to the following liens:

   a. Mifflinburg Bank & Trust Co. ("Mifflinburg") on account of a loan granted by Mifflinburg to the Debtor which as of the petition date, is believed to be owed approximately $ 350,000.00.
   b. A mortgage entered in favor of the United States Department of Agriculture Farm Service Agency, ("FSA") on account of a loan granted by FSA to the Debtor which, as of the petition date, is believed to be owed approximately $310,449.00.
   c. The judgment entered in favor of Rain and Hail LLC in the amount of $1,824.57.
   d. A judgment entered in favor of Chemgro Seeds in the amount of $2650.75.
   e. Real estate taxes owed to the Snyder County Tax Claim Borough as of the petition date in the amount of $3,173.92.

12. The real property may also be subject to liens for past due and current real estate taxes.

## RELIEF REQUESTED

13. Pursuant to the Agreement, the Debtor, as "Seller", will pay costs and expenses associated with the sale of the Real Property at closing as follows:

   a. Any notarization or incidental filing charges required to be paid by Debtor as Seller.
   b. All other costs and charges apportioned to the Debtor as seller;
   c. All costs associated with the preparation of the conveyance instruments and normal services with respect to closing, including payment of a total of $2,500.00 to be paid to Debtor's Counsel, Reilly Wolfson, LLP in

3

                connection with implementation of the sale, the presentation and pursuit of this Motion, consummation of closing

    d.     Past due real estate taxes and present real estate taxes prorated to the date of closing on the sale.

    e.     Any municipal charges and liens prorated to the date of closing on the sale.

    f.     A commission to the Chapter 12 Trustee in the amount of 2% of the sales price of the real property.

    g.     Outstanding Attorney's fees to Reilly Wolfson Law Offices for their services related to this Bankruptcy case to date in the amount of $9,255.00.

    h.     A real estate commission to Beiler-Campbell Realtors in an amount of (6%) of the sale consideration for the real property.

    i.     One half of all transfer taxes which may be owed on account of the transaction.

14.     Subsequent to payment of the cost of the sale set forth above, debtor proposes to pay that portion of that remaining net proceeds to Mifflinburg up to the full amount of the sum owed as secured by its first mortgage, on account of its mortgage lien set forth above.

15.     After payment in full as to the note secured by the mortgage lien held by Mifflinburg as set forth in paragraph 11(a) above, the net proceeds shall be paid to FSA, up to the full amount of the sum owed as secured and owed by its second priority mortgage on account of its mortgage lien as set forth above.

16.     In the event there is a dispute as to the disposition of the proceeds net of the aforesaid costs of sale, Debtor requests approval of the sale with any disputed proceeds to be held in trust by Debtor's counsel, Reilly Wolfson Law Offices, LLP.

18.     The consideration for the Real Property is fair and reasonable and is believed to be equivalent to the fair market value thereof. Thus, the sale is in the debtor's and the estate's best interest.

4

Case 1:15-bk-02648-RNO    Doc 46    Filed 03/16/17    Entered 03/16/17 15:15:27    Desc
Main Document    Page 4 of 7

## GROUNDS FOR RELIEF

### A. Approval of Sale Pursuant to Bankruptcy Code Section 363(b).

19. Code Section 363(b)(1) provides in a relevant part, "that the trustee, after hearing and notice, may use, sell, or lease, other than in the ordinary course of business, property of the estate."

20. The proposed use, sale or lease of property of an estate may be approved under Code Section 363(b) if supported by sound business judgment.. See *Titusville Country Club v. Pennbank (In re Titusville Country Club)* 128 B.R. 396 (Bankr. W.D.Pa. 1991).

21. As discussed herein, the Debtors decision to sell the Real Property is an exercise of reasonable business judgment.

### B. THE SALE SHOULD BE FREE OF LIENS, CLAIMS, ENCUMBERANCES, AND OTHER INTERESTS.

22. Pursuant to Code Section 363(f), a trustee may sell property free and clear of liens, claims, and encumbrances if one of the following conditions is satisfied.

- All applicable non bankruptcy law permits sale of such property free and clear of such interest;

- Such entity consents;

- Such interest is a lien and the price which property is to be sold is greater than the aggregate value of all liens on such property;

- Such interest is in bona fide dispute; or

- Such entity could be compelled in legal or equitable proceeding to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). See In re Trans World Airlines, Inc., 322 F. 3d 283, 288(3d Cir. 2003) (court may approve sale "free and clear" provided at least one of the subsections is met);

23. Debtor believes that one or more conditions of Code Section 363(f) are satisfied in the present instance.

24. The Debtor may sell the Real Property free and clear of any liens, claims, encumbrances, or interests so long as all secured liens attach to the sale proceeds. See *Milford Group, Inc. v Concrete Steps Unit, Inc. (In re Milford Group, Inc.)* 150 B.R. 904 (Bankr.M.D.Pa. 1992).

25. Accordingly the court should authorize the Debtor to sell the Real Property to the buyer free and clear of any and all liens, claims, interests, and encumbrances with such liens to be transferred and attached to those proceeds of the sale, with the same validity and priority that such lien had been against the Real Property, and subject to the foresaid cost set forth in this Order.

26. In accordance with the test provided for the case of *In re Abbotts Dairies of Pennsylvania, Inc.*, 788F.2d 143(3rd Cir.1986), the purchaser in this matter is a good faith purchaser and that this sale is an arm's length transaction in which the buyer acted in good faith under the test in *Abbotts Dairies*.

27. Bankruptcy Rule 6004 provides that an Order authorizing the use, sale, or lease of property be stayed until the expiration of 14 days after the entry of the Order, unless the court orders otherwise. Fed.R.Bankr.P.6004(h). Debtor requests that any Order approving the sale transaction be effective immediately by declaring inapplicable the 14 day Stay provided in Bankruptcy Rules 6004(h) and 6006(d).

28. As required by local rule 6004-4 Debtor is a Pennsylvania partnership. No other party has an interest in the Real Property which is being sold under this Motion.

29. Buyer is not related to Debtor in any way or any principals or affiliates of the Debtor. The proposed transaction does not contemplate any breakup fee or any other subparts of local Rule 6004-4.

WHEREFORE, Debtor, Klinger Brothers Dairy Farm respectfully requests that this Honorable Court;

a. Promptly schedule a hearing to consider the relief herein requested;

b. At the conclusion of such hearing enter an Order substantially in the form accompanying this Motion, approving the sale, as proposed; and

c. Approve the distributions set forth above.

Respectfully submitted:

**REILLY WOLFSON LLP**

By: /s/
Paul C. Bametzreider, Esq.
Attorney ID No. 55748
1601 Cornwall Road
Lebanon, PA 17042
(717) 273-3733

Date: March 15, 2017

7