IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : NO. 1:15-bk-02648-MDF |
| | : |
| KLINGLER BROTHERS | : CHAPTER 12 |
| DAIRY FARM, | : |
| | : |
| | : |
| KLINGLER BROTHERS | : |
| DAIRY FARM, | : |
|      Movant | : |
| | : |
|   v. | : |
| | : |
| MIFFLINBURG BANK & TRUST CO., | : |
| FARM SERVICE AGENCY OF THE | : |
| US DEPARTMENT OF AGRICULTURE, | : |
| RAIN AND HAIL, LLC, | : |
| CHEMGRO SEEDS, SNYDER COUNTY | : |
| TAX CLAIM BOROUGH | : |
|     Respondents | : |

**ORDER APPROVING SALE OF REAL PROPERTY FREE AND CLEAR OF ALL
LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS
(2274 Fair Oak Road, Selinsgrove, Pennsylvania 17870)**

This matter is before the Court on the motion (the "Motion") of Klingler Brothers Dairy

Farm ("Debtor") for the entry of an order authorizing sale of the Debtor's real property located at

and known as 2274 Fair Oak Road, Selinsgrove, Pennsylvania (the "Real Property").

The Court has considered the Motion and the matters reflected in the record of the

hearing held on the Motion. All capitalized terms used herein not otherwise defined have the

meanings ascribed to them in the Motion. It appears that the Court has jurisdiction over this

proceeding; that this is a core proceeding; that notice of the Motion and this Court's hearing

thereon has been provided by U.S. Mail to all interested parties and upon any entity that may

assert a lien or interest in the Property, and such is due and sufficient in all regards; that no

further notice is necessary; that the relief sought in the Motion is in the best interests of the Debtor's Bankruptcy estate and the creditors thereof; and good and sufficient cause exists for such relief.

### THE COURT HEREBY FINDS AND CONCLUDES THAT:

A.      Debtor was a debtor under Chapter 12 of the Bankruptcy Code.

B.      The relief requested in the Motion is sought pursuant to applicable substantive and procedural law, including Code Sections 105, 363(b),(c), (f), (k) and (m) and Bankruptcy Rules 2002, 6004, 9013, and 9014.

C.      This Court has jurisdiction over Debtor, over all of Debtor's assets wherever located, and over all creditors of the Debtor. This Court has jurisdiction to hear and to rule upon the Motion, and the Motion constitutes a core proceeding pursuant to 28 U.S.C §157(b)(2).

D.      Notice regarding the Motion and hearing thereon has been due and sufficient in content, timing, and service in accordance with the Bankruptcy Code and the Bankruptcy Rules. As evidenced by the certificates of service filed with the Court, and based on the record before this Court, proper, timely, adequate and sufficient notice of the Motion, the hearing regarding the Motion, and the proposed transfer of the Real Property therein referenced, has been provided to all creditors and interested parties in the Debtor's above-referenced Chapter 12 case. Such notice was good and sufficient and appropriate under the particular circumstances in accordance with Code Sections 102(1) and 363, and Bankruptcy Rules 2002, 6004, 9013, and 9014, and no other or further notice of the proposed sale, the Motion, or the Hearing is required.

E.      Reasonable opportunity to object to, or be heard regarding, the relief requested in the Motion has been afforded to all interested persons and entities, including but not limited to all creditors and all parties who claim interest in or liens against the Real Property.

2

F.     The sale of the Real Property was conducted at arms' length. The Buyer provided the highest and best offer, without collusion and in good faith. Buyer is a good faith purchaser in accordance with Bankruptcy Code Section 363(m) or any other provisions of the Bankruptcy Code. The good faith of Buyer is evidenced by, among other things, the following facts: (a) the agreement is the product of arms' length negotiations between Debtor and Buyer; and (b) all payments to be made in connection with the contemplated transaction have been disclosed.

G.     The relief sought in the Motion is in the best interest of this estate, its creditors, and all parties in interest.

H.     Debtor advanced sound and sufficient business justifications and it is a reasonable exercise of the Debtor's business judgment for Debtor to consummate the transaction contemplated on the Motion (the "Sale Transaction").

I.     The consummation of the Sale Transaction is properly authorized under all applicable provisions of the Bankruptcy Code, including without limitation, Code Sections 105(a), 363(b), 363(f) and 363(m), and all of the applicable provisions of such sections have been complied with in respect to the Sale Transaction.

J.     Debtor may sell the Real Property to the Buyer free and clear of all Liens and Claims (as more fully set forth in the Motion and as may be listed therein) because one or more of the standards set forth in code §363(f)(1)-(5) has been satisfied. Each holder of any liens and Claims that did not object, or that withdrew its objection, to the Sale Transaction or Motion is deemed to have consented pursuant to Code §363(f)(1).

**THEREFORE IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Findings of Fact set forth above be, and the same hereby are, ratified and adopted as findings of the Court.

2.      The Motion is granted. Any and all objections to the Motion are, to the extent not withdrawn or otherwise resolved as reflected in this Order, hereby overruled. Those parties that did not object, or who withdrew their objections, to the Motion are deemed to have consented to the sale of the Real Property pursuant to Bankruptcy Code Section 363(f)(1). The Debtor, as Seller, is authorized to perform the relevant or appropriate conveyances and duties referenced in the Motion.

3.      Each of the Agreements, bills of Sale, releases, other agreements, certificates, assignments, documents and instruments executed in connection therewith, and all of the other actions contemplated by the sale of the Real Property are approved and authorized in their entirety, except as may be modified in this Order.

4,      Debtor is authorized, pursuant to Code Sections 105(a), 363(b), and 363(f) to perform all of its obligations under the Agreement.

5.      As provided herein the Sale Transaction is hereby approved pursuant to Code Sections 105(a), 363(b), 363(f) and 363(m).

6.      Any other provisions of the Bankruptcy Code governing the sale of property free and clear of all liens, claims, encumbrances and other interests, outside the scope of the Debtor's ordinary course of business, have been satisfied.

7.      Counsel to the Debtor shall be provided with a draft of the Settlement Statement prior to closing.

4

8. Debtor hereby is authorized to execute, deliver, exchange, and perform under the agreement any and all other documents necessary or appropriate to consummate sale and transfer of the Real Property to the Buyer.

9. Pursuant to the Agreement, the Debtor, as "Seller", will pay costs and expenses associated with the Sale of the Real Property at closing as follows:

    a. any notarization or incidental filing charges required to be paid by Debtor as Seller.

    b. All other costs and charges apportioned to the Debtor as seller;

    c. All costs associated with the preparation of the conveyance instruments and normal services with respect to closing, including payment of a total of $2,5000.00, which is to be paid to Debtor's counsel, Reilly Wolfson LLP as compensation for the implementation of the sale, the presentation and pursuit of this Motion, consummation of closing.

    d. Past due real estate taxes and present real estate taxes pro-rated to the date of closing on the sale.

    e. Any municipal charges and liens, pro-rated, to the date of closing on the sale.

    f. A real estate commission to Beiler-Campbell Realtors in the amount of six percent (6%) of the sale consideration for the Real Property.

    g. One-half of all transfer taxes which may be owed on account of the transaction.

    h. Payment to the Chapter 12 Trustee of the sum of 2% of the Sales Price to be applied to fees owed or to be owed by the Debtor.

Case 1:15-bk-02648-RNO    Doc 57    Filed 04/19/17    Entered 04/19/17 08:47:12    Desc
Main Document      Page 5 of 7

        i.      Payment to Reilly Wolfson in the amount of $9,255.00 to be approved by Order of Court.

10.     Subsequent to the payment of costs of sale, Debtor shall pay the remaining net proceeds to Mifflinburg Bank and Trust Co. and U.S. Department of Agriculture, Farm Service Agency.

11.     Subject to the distributions set forth in this Order, all Liens and claims shall be transferred and attach, with the same validity, enforceability, priority, force and effect that they now have as against the Real Property, to the net proceeds obtained for the Real Property, subject to the rights, claims defenses and objections of the Debtor and all interested parties with respect to such liens. This Order is deemed to operate as a release of all Liens and Claims, except for easements of roads, privileges or rights of public service companies, if any agreement or like matters of record, and easements or restrictions visible upon the ground, and when sale of the Real Property occurs. If the proposed sale of the Real Property fails to close for any reason, then such Liens and Claims shall continue against it unaffected by this Order. All holders of recorded Liens and Claims affecting the Real Property are hereby directed to prepare, and record promptly after the closing of sale of the Real Property, releases of such Liens and Claims reasonably satisfactory to the Buyer.

12.     Except to  the extent that the Liens and Claims attached to the Sale proceeds as provided in this Order, this Order is and shall be effective as a determination that, as of the closing Date, all Liens and Claims existing or that may be raised as to the Real Property, except for easements of roads, privileges or rights of public service companies, if any, agreements or like matters of record, and easements or restrictions visible upon the ground, prior to such closing have been unconditionally released and terminated.

6

13.     This Order is binding on all filing agents and officers, all escrow agents, all title agents, all title insurance companies, all administrative agencies, all government departments and units, all Secretaries of State, and all federal, state, or local (or subdivision thereof) officials and all other persons or entities who may be required to report or insure any title or state of title in, to, or as regards the Real Property (all such persons or entities being "Recording Officers"). All recording Officers are authorized and specifically directed to strike recorded Liens and Claims against the Real Property in conformity herewith.

14.     The Court shall retain jurisdiction (a) to enforce and implement the terms and provisions of the Agreement, all amendments thereto and any waivers or consents thereunder and of each of the agreements, instruments, and documents executed in connection therewith; (b) to enforce this Order and to bar the enforcement of any Liens and Claims or other liabilities, except as otherwise assumed, against Buyer  or the Real Property; (c) to compel delivery of the Real Property to the Buyer; or (d) to interpret, implement, and enforce the provisions of this Order.

15.     This Order shall be effective immediately upon its entry, and the stay imposed by Bankruptcy Rule 6004 is declared inapplicable and waived.